Matter of Tittle (2025 NY Slip Op 03729)

Matter of Tittle

2025 NY Slip Op 03729

Decided on June 18, 2025

Appellate Division, Second Department

Per Curiam.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 18, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
MARK C. DILLON
COLLEEN D. DUFFY
BETSY BARROS
LILLIAN WAN, JJ.

2023-08035

[*1]In the Matter of Patrick Sylvanus Tittle, an attorney and counselor-at-law. Grievance Committee for the Ninth Judicial District, petitioner; Patrick Sylvanus Tittle, respondent. (Attorney Registration No. 2667103)

JOINT MOTION pursuant to 22 NYCRR 1240.8(a)(5) by the Grievance Committee for the Ninth Judicial District and the respondent, Patrick Sylvanus Tittle, for discipline by consent. The respondent was admitted to the Bar at a term of the Appellate Division of the Supreme Court in the First Judicial Department on February 6, 1995.

Courtny Osterling, White Plains, NY (Matthew Lee-Renert of counsel), for petitioner.
Mitchell T. Borkowsky, Melville, NY, for respondent.

PER CURIAM.

OPINION & ORDER
The Grievance Committee for the Ninth Judicial District served the respondent with a notice of petition and a verified petition, both dated August 16, 2023, and the respondent served and filed a verified answer dated October 25, 2023. The Grievance Committee served and filed a statement of disputed and undisputed facts dated November 3, 2023. The respondent served and filed his statement of disputed and undisputed facts dated November 22, 2023. By decision and order on application dated December 21, 2023, this Court appointed John J. Halloran, Jr., as Special Referee, to hear and report.
The Grievance Committee and the respondent now jointly move pursuant to 22 NYCRR 1240.8(a)(5) for discipline by consent and request the imposition of a sanction ranging from a two-year suspension to a three-year suspension. Pursuant to 22 NYCRR 1240.8(a)(5)(i), the parties submit a joint affirmation in support of the motion dated February 16, 2024. In addition, the respondent submits an affidavit sworn to on February 16, 2024, attesting to, inter alia, various mitigating circumstances. Based on the stipulation of facts presented with the joint affirmation, the parties conditionally agree that the following factual specifications are not in dispute.
The respondent maintained two attorney escrow accounts at Bank of America, the first entitled "Patrick S Tittle, P.C. Atty, IOLA Fund," with an account number ending in 0810 (hereinafter escrow account 0810), and the second entitled "Patrick S Tittle, P.C. Atty, NY IOLA Attorney Trust Account," with an account number ending in 3871 (hereinafter escrow account 3871). On January 1, 2019, the respondent was required to maintain at least $173,405.35 in escrow account 0810 in connection with the following client matters:
MatterAmount 
Jamieson$ 5,000
Carruthers$100,405.35
Prag$ 52,500
Jackson$ 10,000
Jarvis/Williams $ 5,000
Charles$ 500
However, on this date, the balance in escrow account 0810 was only $5,424.24, or $167,981.11 less than the amount that the respondent was required to be holding.
Between February 4, 2019, and July 25, 2019, the respondent withdrew funds from escrow account 0810 via 27 checks and one withdrawal, totaling $122,174.68, without correlating funds on deposit in this account. At the time these disbursements cleared account 0810, they did so, at least in part, against client and/or third-party funds that the respondent received on behalf of other matters. The total deficit following the disbursement of these 27 checks and the withdrawal was $241,541.03.
Wang Matter 
On July 11, 2019, the respondent received a deposit of $198,000 to account 0810 for the Wang client matter. Five days later, on July 16, 2019, the respondent disbursed $24,800 by wire transfer to a third party in connection with the Wang matter and $5,000 to himself by check. On the same date, there was a "return item chargeback" with regard to the July 11, 2019 deposit for Wang, causing the $198,000 that had been deposited into escrow account 0810 to be debited by the bank from this escrow account. However, the respondent did not return any of the $5,000 he had paid to himself or the $24,800 that he had disbursed by wire transfer. As a result, the $29,800 disbursed for the Wang matter was paid using unrelated client funds that were then on deposit in escrow account 0810. On July 16, 2019, the deficit in the amount of funds on deposit in escrow account 0810 increased from $203,341.03 to $233,141.30.
Rose Matter 
On October 16, 2019, a check in the amount of $2,950 written by the respondent from escrow account 3871 was paid with regard to the Rose matter. At the time the check was paid, there were no correlating funds on deposit in this account, and therefore, the check cleared, at least in part, against client and/or third-party funds that the respondent had received on behalf of other matters. On October 16, 2019, following the payment of the $2,950 check, the balance deficit of escrow account 3871 was $244,591.68.
Between January 1, 2019, and on or about July 31, 2019, the respondent failed to make contemporaneous and complete entries of all of the financial transactions related to escrow account 0810, including a record of receipts and disbursements, in a ledger book or similar record.
During this same time period, the respondent used checks and deposit slips for escrow account 0810 that did not include the terms "Attorney Special Account," "Attorney Trust Account," or "Attorney Escrow Account."
As required by 22 NYCRR 1240.8(a)(5)(iii), the respondent submits an affidavit with this motion in which he conditionally admits the foregoing facts and that those facts establish that he: (1) misappropriated funds entrusted to him as a fiduciary incident to his practice of law, in violation of rule 1.15(a) of the Rules of Professional Conduct (22 NYCRR 1200.0); (2) failed to make required bookkeeping entries of financial transactions involving an attorney special account in a ledger book or similar record, at or near the time of the transactions, in violation of rule 1.15(d)(1) and (2) of the Rules of Professional Conduct; (3) failed to properly identify his special bank account, in violation of rule 1.15(b)(2) of the Rules of Professional Conduct; and (4) engaged in conduct adversely reflecting on his fitness as a lawyer, in violation of rule 8.4(h) of the Rules of Professional Conduct. The respondent consents to the agreed discipline in the range of a two-year suspension to a three-year suspension, which consent is given fully and voluntarily without coercion or duress. The respondent states that he is fully aware of the consequences of consenting to such discipline.
The parties request that this Court consider, in aggravation, the respondent's prior disciplinary history, which consists of a Letter of Caution issued in 2015 for, inter alia, neglecting a client matter; the duration of the respondent's improper escrow practices; the substantial deficiency in the respondent's escrow account; and the respondent's experience as a practitioner.
In mitigation, the parties request that this Court consider the respondent's cooperation with the investigation of this matter and the absence of any record of complaints and/or claims of [*2]out-of-pocket losses from clients or third parties due to the respondent's misconduct. With respect to the Wang matter, the respondent asks this Court to consider that he was the victim of a scam and that he took steps to recuperate the lost funds.
As to the appropriate sanction, the parties contend that a sanction ranging from a two-year suspension to a three-year suspension is in accord with this Court's precedent under similar circumstances.
Based on the foregoing, we find that the joint motion for discipline by consent pursuant to 22 NYCRR 1240.8(a)(5) should be granted and that a three-year suspension is warranted in view of the totality of the circumstances, including the respondent's admitted misconduct as well as the aggravating and mitigating factors presented herein.
LASALLE, P.J., DILLON, DUFFY, BARROS and WAN, JJ., concur.
ORDERED that the joint motion pursuant to 22 NYCRR 1240.8(a)(5) for discipline by consent is granted; and it is further,
ORDERED that the respondent, Patrick Sylvanus Tittle, is suspended from the practice of law for a period of three years, commencing July 18, 2025, and continuing until further order of this Court. The respondent shall not apply for reinstatement earlier than February 17, 2028. In such application (see 22 NYCRR 1240.16), the respondent shall furnish satisfactory proof that, during the period of suspension, he: (1) refrained from practicing or attempting to practice law; (2) fully complied with this opinion and order and with the terms and provisions of the rules governing the conduct of disbarred or suspended attorneys (see id. § 1240.15); (3) complied with the applicable continuing legal education requirements of 22 NYCRR 691.11(a); and (4) otherwise properly conducted himself; and it is further,
ORDERED that the respondent, Patrick Sylvanus Tittle, shall comply with the rules
governing the conduct of disbarred or suspended attorneys (see id. 1240.15); and it is further,
ORDERED that pursuant to Judiciary Law § 90, during the period of suspension and until further order of this Court, the respondent, Patrick Sylvanus Tittle, shall desist and refrain from (1) practicing law in any form, either as principal or agent, clerk, or employee of another; (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission, or other public authority; (3) giving to another an opinion as to the law or its application or any advice in relation thereto; and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,
ORDERED that if the respondent, Patrick Sylvanus Tittle, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency, and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 1240.15(f).
ENTER:
Darrell M. Joseph
Clerk of the Court